Taliaeekbo, J.
In this case judgment was obtained by plaintiffs against N. B. Trist and the administrator of J. B. Trist, each for one-half the amount sued for, viz: $52,494 11, the aggregate sum of six several promissory notes of different amounts, falling due at different periods, and bearing interest from their respective maturities. These notes were given in payment of land and slaves sold to the defendants, N. B. Trist and J. B. Trist, the latter having died since. In the same suit Martin Gordon, Jr., was included as a party defendant. His sole defence is, that as endorser of the notes, he was entitled to notice of non-payment,' and in default of protest and notice he is discharged. Judgment was rendered in his favor, and the plaintiffs appealed.
. The sole question presented for our consideration is, what is the character of the obligation entered into by the defendant, Gordon, in placing his signature to the notes in question. It appears from the evidence that these notes were drawn several days before the execution of the deed in Pointe Coupée; blank spaces being left for the insertion afterwards of the several amounts, which could not be accurately fixed at the time the notes were presented to Mr. Gordon, in New Orleans, for his endorsement; after which, and at the time of executing the deed in the parish of Pointe Coupée, the blanks were filled. It appears also, that the endorsement of the notes by the defendant, Gordon, was a condition in the contract between the plaintiffs and the' purchasers. Gordon had no interest in, and was not a party to that contract. The notes have never been negotiated, and have not been endorsed by the payees.
,: According to the well-settled jurisprudence of this State, we conclude, from the facts of the case, that the contract entered into by Gordon is that of a surety and not that of an endorser. The decisions of this Court are numerous to the effect, that when a person not a party to a bill or note puts his name upon it, he is presumed to have done so as surety. 10 L. 376; 14 L. 389; 4 Eob. 162; 1 A. 248; 2 A. 592; 3 A. 590; 4 A. 273; 9 A- 533; 12 A. 517.
.. It is therefore ordered, adjudged and decreed that the judgment of the District Court, so far as it relates to the defendant, Gordon, be annulled, *351 avoided and reversed. It is further ordered, adjudged and decreed that Charles Collins and his wife, Louisa Flower, have judgment against the defendant, Martin Gordon, Jr., for the sum of $52,494 11, say fifty-two thousand four hundred and ninety-four dollars and eleven cents, with interest, as follows, viz: On $4,500, six per cent, per annum, from 12th of May, 1860, to the 12th of May, 1862, and eight per cent, thereafter until paid. On the like sum, $4,500, at six per cent, per annum, from 12th May, 1860, to the 12th May, 1863, and eight per cent, per annum thereafter until paid. On the like sum, $4,500, from 12th May, 1860, to' the 12th of May, 1864, at six per cent, per annum, and thereafter at fhe rate of eight per cent, per annum, until paid. On $11,863, eight per cent, per annum, from 12th of May, 1862, until paid. On $12,484 at eight per cent, per annum, from 12th of May, 1863, until paid; and on $14,647 50, at eight per cent, per annum, from 12th of May, 1864, until paid; the defendant to pay costs in both courts.